NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 16 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BAOYAN ZHOU,<br><br>Petitioner,<br><br>v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>Respondent. | No. 13-70264<br><br>Agency No. A088-569-511<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 9, 2014[**]

Before:     WALLACE, LEAVY, and BYBEE, Circuit Judges.

Baoyan Zhou, a native and citizen of China, petitions for review of the

Board of Immigration Appeals' order dismissing her appeal from an immigration

judge's decision denying her application for asylum, withholding of removal, and

protection under the Convention Against Torture ("CAT").  We have jurisdiction

under 8 U.S.C. § 1252.  We review for substantial evidence the agency's factual

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

findings, applying the standards governing adverse credibility determinations created by the REAL ID Act, *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010), and we deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on inconsistencies between Zhou's testimony and documents regarding both the chronology of events in her departure from China and the nature of the "guarantee" document the police had her sign during her detention. *See id*. at 1048 (adverse credibility determination was reasonable under the "totality of circumstances"). Zhou's explanations do not compel a contrary result, *see Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir. 2000), and we reject Zhou's contention that her documentary evidence rehabilitates her testimony, *see Garcia v. Holder,* 749 F.3d 785, 791 (9th Cir. 2014) (documents not sufficient to rehabilitate testimony). Further, we reject Zhou's contentions that the IJ's credibility analysis was incomplete or insufficient. Thus, in the absence of credible testimony, Zhou's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Finally, Zhou's CAT claim fails because it is based on the same evidence the agency found not credible, and she does not point to any other evidence that compels the conclusion that it is more likely than not she would be tortured by or with the acquiescence of the government if returned to China. *See id*. at 1156-57.

**PETITION FOR REVIEW DENIED.**